KAPNER, LEWIS, Associate Judge.
This is a consolidated appeal by the State from orders dismissing petitions for delinquency in three juvenile cases. The petitions were filed from 50-52 days following the day the juveniles were taken into custody and released. The trial court dismissed the petitions on the grounds that Section 39.03(2), Florida Statutes (1979), requires the filing of a written report within three days of arrest, and Section 39.05(6), Florida Statutes (1979), requires the filing of a petition of delinquency within 45 days thereafter, or a total of 48 days from the time of arrest.
The pertinent parts of Chapter 39 are as follows:
39.01(33) “Taken into custody” means the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement or other disposition as authorized by law.
39.01(14) “Detention Care” means the temporary care of a child in a detention home or nonsecure detention program ... pending court disposition or execution of the court order.
39.03(2) . . . Unless otherwise accomplished pursuant to subsection (4), the person taking the child into custody and detaining the child shall, within 3 days, make a written report to the appropriate intake officer. (emphasis added.)
39.05(6) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the complaint was referred to the intake office.
When Section 39.03(2), Florida Statutes (1979), was amended in 1978, the phrase “and detaining the child” was added. This indicates a legislative intent to limit the 48-day period only to cases where the child is actually detained rather than being released. In this case, the juveniles were not detained, so the 48-day period does not control. Accordingly, the trial judge was in error in dismissing the petitions. The orders of dismissal are reversed and the cases are remanded to the trial court with directions to reinstate the petitions.
REVERSED AND REMANDED.
MOORE and BERANEK, JJ., concur.